This matter is before the court on appeal from the Erie County Court of Common Pleas wherein appellant, Marcella M. Munger, was convicted of assaulting a police officer, a violation of R.C. 2903.13 and a felony of the fourth degree. Appellant asserts the following assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY MISAPPLYING OHIO'S CURRENT SENTENCING STATUTES TO THE FACTS OF APPELLANT'S CASE AND THEREBY RENDERING A SENTENCE THAT IS CONTRARY TO CURRENT OHIO LAW."
Appellant was sentenced to seventeen months in prison. Appellant contends that pursuant to R.C. 2929.14, she should have only received a six month prison sentence, the minimum sentence for a fourth degree felony. R.C. 2929.14 states in pertinent part:
 "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis ours).
Appellant had never served a prison term when she appeared before the court for sentencing in this case. The court, in sentencing appellant, noted her prior, lengthy record of misdemeanors. The court, however, made no mention of the factors set forth in R.C. 2929.14. The judgment entry of appellant's sentence is equally silent. Based on the record, we conclude that the court erred in sentencing appellant. (See this court's decision in State v. Hunter (Mar. 31, 1998), Wood App. No. WD-97-039.) Appellant's sole assignment of error is found well-taken.
On consideration whereof, this court finds that appellant has been prejudiced. The judgment of the Erie County Court of Common Pleas is reversed. The sentence imposed upon appellant in the March 13, 1998 judgment entry is hereby vacated and this matter is remanded to the trial court for resentencing in accordance with this opinion and the law. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ------------------------ JUDGE Melvin L. Resnick, J. ------------------------ JUDGE James R. Sherck, J. CONCUR. ------------------------ JUDGE